(139 App. Div. 482.)

In re HARDING.

(Supreme Court, Appellate Division, First Department.  July 7, 1910.)

ATTORNEY AND CLIENT (§ 53*)—PROCEEDINGS TO DISCIPLINE—EVIDENCE.
    On a petition preferring charges against an attorney, the evidence *held* to successfully explain what, without such explanation, would appear to be a clear case of professional misconduct of the attorney. obtaining the passing of a case upon an affidavit reciting that he would be actually en-gaged on that day in another court and that he must be there in attend-ance.
    [Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 53.*]

Petition of the Association of the Bar of the City of New York preferring charges against Edmond F. Harding, an attorney. Dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

. Einar Chrystie, for petitioner.

William P. Maloney, for respondent.

LAUGHLIN, J. Harding is a member of the firm of Maloney & Harding, who were the attorneys for the plaintiff in Scanlon v. Hodge, an action pending in the Supreme Court, New York county, which was on the calendar on October 25, 1909. Harding verified an affidavit on October 23, 1909, which was presented to the court on the call of the calendar on October 25, 1909, by one Slease, an attorney in the office of Maloney & Harding. The object of this affidavit was to have the case passed from day to day, or until the return to New York of an important witness, who had come to New York about 10 days prior to October 25, 1909, for the purpose of testifying, but had been called back to Chicago, and was not in New York on October 25th. The affidavit states "as an additional reason" for the request that the case be passed:

"That plaintiff's attorneys, including deponent, will be actually engaged on Monday, October 25th, at Goshen, New York, before Mr. Justice Morschauser, in the case of Valentine v. Valentine, set for that day, and must be there in attendance."

The part of the affidavit quoted is the basis of this proceeding against Harding. It is claimed that the statement quoted was false, and known by him to be false when he verified the affidavit, in that no trial or hearing in said case had been set down at Goshen for said day, and that, if it had, it had been duly adjourned. It appears, by the affidavit of Slease, that the court at first refused to grant the request that the case be passed, and marked it "Ready," but that on the second call, when the attorney for defendant was about to take a default, the court suggested that the attorneys for plaintiff be given a chance to get their witnesses, and marked the case "Passed for the day."

There were two cases entitled Valentine v. Valentine in Westchester county. One was an action for divorce brought by Mrs. Valentine, and the other was an action by Mr. Valentine against her with respect to certain real estate standing in her name. There was one motion pending to dismiss the action for divorce, for failure to prosecute; another, made by the husband, to have an order vacating an order of discontinuance in the action relating to the real estate vacated and set aside; and another, based upon the motion papers in both actions, to have one Backus, who was attorney for the wife in the action for divorce, punished for contempt. The charge against Backus was that he was guilty of blackmailing the husband and of fraud in procuring evidence upon which to prosecute the action for divorce. Proceedings were also pending against Backus in the Appellate Division, Second Department, involving the same charges to discipline or disbar him. These three motions were returnable at White Plains on August 21,

1909, and came on for hearing at that time before Judge Morschauser. Backus consented to the granting of the motion to dismiss the divorce action, but Maloney refused to accept the consent, on the ground that it might prejudice the motion to punish Backus for contempt, which motion was founded upon the motion to dismiss the action for divorce. The pendency of charges against Backus was brought to the attention of the court by him. After some discussion the court set the motions down for a hearing on oral testimony on the first Monday in October. The three motions were not heard on the first Monday of October, but were adjourned by stipulation to October 25th at a Special Term to be held by Judge Morschauser at White Plains, "or to such other place and hour as Mr. Justice Morschauser may then be sitting."

On October 22d Maloney & Harding caused notes of issue for the three motions to be mailed to the clerk of Westchester county for the calendar on October 25th. Notice to the effect that Judge Keogh would hold Special Term at White Plains on October 25th, in place of Judge Morschauser, appeared in the Law Journal on Saturday, October 23d, the day the affidavit complained of was made. Respondent's firm then ascertained that Judge Morschauser would be sitting in Goshen on that day, and after Harding had made the affidavit in question—it is charged that this took place before, but there is no evidence sustaining the charge—he called up Backus and told him that Judge Morschauser was to hold court at Goshen on Monday, the 25th, and asked him if he was ready, and Backus answered that he was. On the same day, after the conversation over the telephone with Backus, Tierney, who was counsel for Backus on the motions, called up Harding and asked for an adjournment to November 22d, and Harding agreed to this, provided a written stipulation to that effect were given. Tierney agreed to mail a stipulation that day, and said that if it was not received by mail on Monday morning, the 25th, Harding should assume that Tierney and Backus would go on with the motions on Monday. The stipulation was not received on Monday morning, and Harding was prepared to go to Goshen. This was the situation when Slease was sent up to the county courthouse with the affidavit to get the case of Scanlon v. Hodge passed. After the affidavit complained of had been presented to the court, and before starting for Goshen, Harding and Maloney telephoned to inform Backus that, inasmuch as the stipulation had not been received, they were going to Goshen to move the motions, and they were then informed that the stipulation had been mailed that morning, and they did not go. On the afternoon of Monday, the 25th, a formal stipulation adjourning the motions to November 22d was received at the office of Maloney & Harding in a letter dated on that day.

It is contended in support of the charges that prior to October 23, 1909, Judge Morschauser informed the attorneys that he would not take any evidence or hold any hearing on the motions until after the determination of the proceeding against Backus in the Second Department; that Harding was informed by Backus and by his said counsel on October 23, 1909, that they would not be present at Goshen on Monday, the 25th, for the purpose of attending any hearing on the mo-

tions; and that on October 23, 1909, Harding adjourned the motions to November 22, 1909, by agreement with Backus and his counsel. From this it is claimed that, at the time the affidavit complained of was made, Harding knew that Judge Morschauser would not hold any hearing on the motions on October 25th, and knew that the motions had been adjourned to November 22, 1909. At this point it may be observed that the statement of Backus and his counsel that they would not attend the hearings on the motions did not relieve Harding's firm from attending, if the motions were to be kept alive.

The only affidavit submitted to substantiate any of these charges containing any competent evidence is the affidavit of Decker, the special deputy clerk of the court, who was present on August 21, 1909, when the motions first came on for a hearing before Judge Morschauser. He states that Judge Morschauser announced at that time that he would not act on the motions until after the final determination of the proceeding in the Second Department involving the same matters. He further states that his affidavit is made with the knowledge of Judge Morschauser and by his direction, and after discussing the matter with Judge Morschauser, "who stated that the matters as therein recited are in accord with his recollection of them."

In reply to the affidavit of Decker, both Maloney and Harding make affidavits to the effect that on said 21st day of August Judge Morschauser expressly adjourned all of the motions until the first Monday in October, and directed that the witnesses be then presented before him for examination in open court, and in addition to the fact that the motions did not involve the same questions, one being for contempt and the other to have Backus disciplined or disbarred, and to the formal stipulation of the attorneys for the parties adjourning the motions from time to time, and to the fact that one of the motions was actually heard without waiting for the determination of the proceeding pending before the Appellate Division in the Second Department, and then the others were adjourned to a fixed time by the court, which show that the special deputy clerk is mistaken in his recollection with respect to what occurred on August 21st. Several affidavits are presented, showing that Judge Morschauser not only refused to make an affidavit to be used in this proceeding, but stated that he had no recollection of what occurred on said day. Furthermore, Backus, in his answer to the proceeding against him in the Appellate Division in the Second Department, verified October 16, 1909, states that the motion to punish him for contempt was then pending and undetermined before Judge Morschauser, "and the argument thereof is set for October 25, 1909." It appears that on the adjourned day of the motions, November 22, 1909, the motion to vacate the order vacating the discontinuance of the real estate action was disposed of in favor of the client of the respondent's firm. The other two motions were then adjourned by the court until the first Monday in January, 1910, and in the meantime Backus procured an ex parte order further adjourning them until the final determination of the proceedings against him in the Second Department. This clearly shows that neither the court nor the attorneys understood that these motions had been held on

August 21st until the final determination of the proceeding in the Appellate Division in the Second Department. At the time the affidavits herein were made a referee had been appointed in the proceeding against Backus in the Second Department, and evidence had been taken, but the report of the referee had not been made.

The petition is by the secretary of the Bar Association, and is on information and belief, based on the affidavits of Attorneys Chrystie and Montgomery. Montgomery was the attorney for the defendant in the action in which the respondent's firm represented plaintiff, which was passed on October 25th on account of the absence of the witness. The witness appeared and the case was tried the next day, and resulted in a judgment for upwards of $20,000 in favor of the plaintiff. A warrant of attachment having been issued, the judgment was speedily enforced. After this, Montgomery, the attorney for the defeated party, made the complaint against the respondent. It is manifest that the case was not held on account of the engagement of respondent's firm at Goshen, but to enable his client to procure the attendance of his foreign witness. It appears that the court, when the affidavit was presented, would not hear an oral statement which the representative of the respondent's firm endeavored to make. Had that been permitted, it is quite likely that the court would have been informed with respect to the negotiations for an adjournment of the hearings in the Valentine Case. There is no competent evidence of any misconduct on the part of the respondent, and no fact is stated inconsistent with the truth of his affidavit, or his entire innocence of any intent to deceive the court. Chrystie's affidavit is merely a formal complaint as the representative of the Association of the Bar on information and belief, based on the proceedings before the grievance committee of the Association, which are not set forth, and statements made to him by Tierney, not under oath; but, if these statements were made positively, they are fully explained away by the formal stipulations, showing that the motions were set down for that time and were kept alive by formal adjournment, and by the opposing affidavits. Montgomery merely states that the respondent's affidavit was read on the motion to have the case passed for the day, which is not disputed, excepting that it is claimed in behalf of respondent that the application was to have the case passed from day to day until the witnesses arrived, which is not very material, since they arrived next day.

In my opinion, therefore, there is no necessity for a reference, and the application should be dismissed.

CLARKE and MILLER, JJ., concur.

SCOTT, J. I agree that the petition in this proceeding should be dismissed, since the respondent has apparently successfully explained what without such an explanation appeared to be a clear case of professional misconduct. I am not willing to do so, however, without referring with disapprobation to the unfounded, irrelevant, and scandalous charges made by respondent against the attorney who presented the charges in behalf of the Association of the Bar. That gentleman

has rendered valuable services to the public, and has been of much aid to this court in its efforts to uphold the standards of the legal profession, and he has earned and enjoys the confidence of the court. It is a by-word that it is the custom of a certain class of practitioners to endeavor to cover the deficiencies in their own case by resorting to abuse of the opposing counsel. Such a method of conducting a serious judicial proceeding does not commend itself to the court.

INGRAHAM, P. J., and CLARKE and MILLER, JJ., concur.